NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0762n.06
Filed: October 26, 2007

Case No. 06-1557

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MICHAEL TIRONI,                               )
                                              )
   Petitioner-Appellant,                      )
                                              )      ON APPEAL FROM THE
   v.                                         )      UNITED STATES DISTRICT
                                              )      COURT FOR THE EASTERN
THOMAS BIRKETT, Warden, Standish              )      DISTRICT OF MICHIGAN
Maximum Correctional Facility,                )
                                              )
   Respondent-Appellee.                       )
                                              )
_____        )
                                              )
                                              )

BEFORE:  BATCHELDER and GILMAN, Circuit Judges; STAFFORD[*], District Judge.

   **ALICE M. BATCHELDER, Circuit Judge.**  Petitioner Michael Tironi appeals the district

court's denial of his 28 U.S.C. § 2254 petition for the writ of habeas corpus.  Because Tironi failed

to state any ground upon which he merits habeas relief, we affirm the district court's decision.

   Tironi was initially charged in the Kalkaska County, Michigan, Circuit Court with one count

of third degree criminal sexual conduct ("CSC III"), in violation of Mich. Comp. Laws §

750.520d(1)(b), and two counts of furnishing alcohol to a minor, in violation of Mich. Comp. Laws

§ 436.1701(1).  At the close of trial, the judge — at the prosecutor's request — instructed the jury

on CSC III and also on the cognate offense of second degree criminal sexual conduct ("CSC II"), the

_____

[*]The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida,
sitting by designation.

latter being in violation of Mich. Comp. Laws § 750.520c(1)(f). On November 29, 2001, the jury convicted Tironi of CSC II and on both counts of furnishing alcohol to a minor.

Prior to sentencing, Tironi moved for a new trial, alleging that a juror failed to disclose material information during *voir dire*. The Michigan trial court granted the motion and vacated Tironi's convictions. The prosecutor moved to amend the felony information and charge Tironi with CSC II, and Tironi countered with a motion to quash the information on double jeopardy grounds. The trial court denied Tironi's motion to quash and ruled that while the State could not retry Tironi under CSC III due to the jury's implicit acquittal on that count, the State could retry Tironi on the CSC II charge. The trial court also granted the State's motion in limine to introduce at the new trial two instances of prior bad acts, where Tironi had allegedly provided alcohol to minor males and then sexually assaulted them.

On June 10, 2002, Tironi entered conditional pleas of no contest to the CSC II charge and two counts of furnishing alcohol to minors, reserving his right to appeal the trial court's disposition of his motion to quash and the State's motion in limine. On July 9, 2002, the trial court sentenced Tironi to a prison term of 19 months to 15 years.

On April 30, 2003, Tironi, through counsel, filed in the Michigan Court of Appeals a delayed application for leave to appeal, raising three claims: (1) the trial court violated his constitutional and statutory guarantees against double jeopardy when it permitted a new trial on the CSC II charge; (2) the trial court erred when it permitted the admission of the prior bad acts evidence because the proffered evidence was factually distinct from the present facts; and (3) the trial court erred when it imposed a 25-point sentence enhancement. The Michigan Court of Appeals denied Tironi's application for leave to appeal. Tironi, through counsel, sought leave to appeal these same three

issues to the Michigan Supreme Court, and this application was also denied.

On February 24, 2005, Tironi, through counsel, filed a petition for habeas corpus relief under 28 U.S.C. § 2254, essentially raising the same three issues he raised before the Michigan Court of Appeals and Supreme Court. The magistrate judge recommended that the district court deny Tironi's petition. The magistrate judge thoroughly reviewed the evidence in the record regarding Tironi's habeas claims and concluded that (1) the trial court did not violate the Double Jeopardy clause when it permitted a new trial on the CSC II charge, and Tironi's related arguments raise issues of state law not cognizable on habeas review; (2) Tironi's prior bad acts arguments raise issues of state law not cognizable on habeas review; (3) Tironi's challenges to the trial court's application of Michigan's sentencing guidelines also raise issues of state law not cognizable on habeas review; and (4) Tironi's sentence does not violate *Blakely v. Washington*, 542 U.S. 296 (2004), because *Blakely* does not apply to Michigan's indeterminate sentencing scheme. The district court adopted the findings and conclusions in the magistrate judge's Report and Recommendation and denied Tironi's petition for habeas corpus. Tironi timely appealed.

On appeal, Tironi raises the same arguments that he presented to the district court and magistrate judge. We have undertaken a *de novo* review of the record, the applicable law, and the parties' briefs. The magistrate judge's Report and Recommendation carefully and correctly sets out the factual and procedural history and the law governing the claims raised in this § 2254 habeas petition, and clearly articulates the reasons underlying the Recommendation. The district court adopted the Report and Recommendation in its entirety. The issuance of a full written opinion by this court would therefore serve no useful purpose. Accordingly, for the reasons stated in the magistrate judge's Report and Recommendation, we **AFFIRM** the district court's denial of Tironi's

3

habeas corpus petition.